UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RHONSHAWN JACKSON,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　: CIVIL NO. 3:CV-11-1431
　　　　　　　　　　　　　　　　　:
JEFFREY A. BEARD, et al.,　　　　　: (Judge Kosik)
　　　　　　　　　　　　　　　　　:
　　　　Defendants　　　　　　　　　:

FILED
SCRANTON
AUG 0 6 2014
PER _____ DEPUTY CLERK

## MEMORANDUM

This civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Rhonshawn Jackson proceeds on an amended complaint (Doc. 19). Plaintiff is currently confined at the State Correctional Institution at Forest, Pennsylvania.[1] Following the resolution of motions to dismiss the complaint, it appears that 19 Defendants and the following claims remain in this action: (1) failure to protect claim against Defendants Cates, Stevens, Lawler, Eckard, Spellman and Donaldson because they defamed Plaintiff by writing snitch and "die nigger" comments on his legal materials, and then promoted these falsities to dangerous inmates who assaulted him; (2) excessive force claim of 6/26/10 against Defendants Pyle and Clark and claims of

---

[1] The Clerk of Court will be directed to update Plaintiff's address on the docket as it currently reflects that he is still confined at SCI-Albion.

subsequent placement in dirty cell with no showers, socks, shoes and toiletries; (3) excessive force claim of 9-29-10 where Plaintiff was beaten and sprayed with O.C. following a peaceful protest in the recreation yard; (4) the denial of food for 4 days beginning November 2, 2010; (5) excessive force claim of October 18, 2010 against Defendant Dunkle; and (6) denial of due process through destruction of misconduct and grievance appeals. (Doc. 55.) Presently pending is Plaintiff's motion to compel discovery (Doc. 60.) The motion is fully briefed and, for the reasons that follow, will be granted in part and denied in all other respects.

I. **Relevant Background**

Plaintiff seeks to compel documents he requested in a Request for the Production of Documents on an unspecified date, and again in a second request on or about October 4, 2013. Although he does not attach a copy of his initial discovery request, he submits a copy of his second request. This document contains the following 26 requests:

> 1. Entire investigative file obtained, developed or possessed by Defendants or anyone else acting on Defendants' behalf excluding mental impressions, conclusions, opinions representing value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel
>
> 2. All documents containing any investigation by any law enforcement, Pa DOC, SCIH or any defendant concerning Plaintiff
>
> 3. All documents any defendant provided to anyone regarding Plaintiff

4. All documents including, but not limited to, notes, logs, records or recordings of radio or phone communications concerning Plaintiff

5. All video, security or surveillance tapes concerning Plaintiff, including but not limited to any recordings of cells, cell blocks and the Restricted Housing Unit ("RHU") at SCIC and SCIH inhabited by Plaintiff on March 20, 2009 to January 26, 2011

6. All "911" or emergency communications regarding Plaintiff

7. All documents, including but not limited to videotapes, audiotapes and minutes of meetings at which anyone discussed Plaintiff

8. Any e-mails, text messages, multimedia messages or websites concerning Plaintiff

9. The entire personnel file of all defendants including but not limited to dates of employment, job titles, job descriptions, training records, and certifications

10. All documents concerning official or unofficial complaints concerning any defendant

11. All documents concerning any formal/informal disciplinary action taken against any defendant

12. All documents concerning Rhonshawn Jackson (Plaintiff), including but not limited to inmate grievances, misconduct, disciplinary actions, mental health records, medical records and pharmacy records

13. All documents concerning any insurance policy, any umbrella insurance policy, any homeowner's policy, or any other agreement of any kind covering the defendants for lawsuits commenced for violations of any individual's civil rights, intentional torts or negligent acts

14. All documents concerning the "PaDOC" handbook and all supplements related to "SCIH"

15. Any and all documents specifically concerning Rhonshawn Jackson's incarceration at SCI-Houtzdale from 2004 to 2009, and SCI-H from 2009 to 2011

3

16. Any and all documents concerning security level 5 housing unit log dated March 20, 2009 to January 25, 2011

17. Any and all RHU quarters cards concerning Rhonshawn Jackson while incarcerated at SCI-H

18. All contracts between PaDOC and MHM Correctional Services, Inc.

19. Any and all documents identified by defendants in their Rule 26 disclosures

20. Any and all documents concerning statements, oral or written, signed or not, from any person involved with or with knowledge of the incident on which this lawsuit is based

21. Any and all documents which contain the name and home and/or business addresses and phone numbers of all individuals contacted by any defendant as potential witnesses

22. Reports of any and all experts who will testify at trial, along with a resume or curriculum vitae for each expert

23. Any and all documents relied on or considered by any expert, who will testify on behalf of any defendant at trial

24. Copies of any and all exhibits which any defendant intends to rely upon, or introduce into evidence, at the time of trial

25. All documents concerning any prior charges, arrests, and/or convictions of any of the defendants for any crime

26. All documents concerning any civil lawsuit in which any defendant was a party

(Doc. 26, Plaintiff's Second Request for Production of Documents.)

In responding to Plaintiff's motion to compel, Defendants state that they responded to both of Plaintiff's requests for production, and attach a copy of each

request and the responses thereto. (Doc. 63.) The initial request for production contains all of the requests in the second request, as well as the following additional requests (as listed and numbered in initial discovery request):

> 15. Any and all documents concerning policies that were in place at the PaDOC and SCIC and SCIH, and any training manuals, training, certifications and supplemental course documentation that the PaDOC, SCIC, and SCIH, provides their employees to have from 2003 through present concerning:
>     a. how the medical and psychiatric needs of inmates are to be treated;
>     b. how inmates designated as "mentally ill" are to be treated;
>     c. how "psychiatrically ill" inmates are to be treated;
>     d. how inmates with suicide attempts and or thoughts are to be treated;
>     e. the placement of mentally ill inmates in the RHU;
>     f. the RHU, Special Needs Unit "(SNU"), Secure Specials Needs Unit ("SSNU"), Special Observation Unit ("SOU"), Forensic Treatment Center ("FTC"), Mental Health Unit ("MHU"), Intermediate Care Unit ("ICU"), and Psychiatric Observation Cells ("POC");
>     g. the monitoring of inmates who have a history of or who threaten or attempt suicide;
>     h. inmates access to bed sheets, staples or razors;
>     i. administration of medication to inmates;
>     j. inmate classification;
>     k. obtaining inmate records from outside mental health or medical treatment providers an inmate treated with prior to or during incarceration;
>     l. disciplinary custody ("DC") or administrative custody ("AC") status and/or restrictions;
>     m. transferring inmates from one SCI to another;
>     n. inmates refusing meals or medication;
>     o. mental health commitments;
>     p. inmate employment;
>     q. assessing suicide risks;
>     r. camera monitoring of cells;
>     s. maintenance or repairs made to ventilation in the RHU at SCIH;
>     t. lighting in the cells at SCIH;
>     u. restrictions on running water in the cells in the RHU at SCIH;
>     v. the identification, segregation, treatment and care of suicidal or

          mentally ill inmates;
- w. discouraging inmates' suicidal behavior;
- x. providing immediate assistance to inmates who threaten suicide; and
- y. monitoring cells of inmates who pose a suicide risk.

20. All contracts between SCIC and SCIH, and MHM Correctional Services.

21. All contracts between PaDOC and Prison Health Services, Inc.

22. All contracts between SCIC, SCIH, and Prison Health Services, Inc.

31. All documents concerning Rhonshawn Jackson.

(Doc. 63-1 at 5-10.)

Defendants object to almost all of Plaintiff's requests on the basis that they are overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. They further maintain that the requested records are irrelevant and not likely to lead to relevant material, are privileged and confidential, and the release of the information may compromise the safety and security within the institution. The only questions to which Defendants provide a specific answer are those pertaining to request for reports, exhibits, curriculum vitae and documents relied upon by experts who will testify at trial. Defendants state that no such documents exist at this time and that they are aware of their ongoing duty to supplement their responses to these questions. This response is satisfactory.

After submitting their responses, Defendants filed a supplemental reply to Plaintiff's motion to compel on May 6, 2014, and agreed to provide Plaintiff with

the following documents in an effort to moot the motion to compel and move this case toward resolution:

> - Copies of the extraordinary occurrence reports (EORs) for the 3 excessive force claims which include the reports, witness statements, medical records and photographs
>
> - Opportunity to review relevant video of the 3 excessive force incidents
>
> - Copies of the DC-17x adjustment record for the excessive force dates in question
>
> - Copies of the DC-17x for the dates in question for the denial of food and the modified diet form
>
> - Copies of the DC-17x for date in question regarding the legal materials claim

(Doc. 68 at 2-3.) With respect to any requests by Plaintiff for copies of relevant grievances, misconducts or DC-135A inmate request to staff member forms, Defendants state that Plaintiff should have copies.

Plaintiff thereafter filed a response to Defendants' supplement. (Doc. 69.) In addition to the documents Defendants state they will produce, Plaintiff still requests the production of ". . . all grievances; grievance appeals; misconducts; DC-135A Inmate Request to Staff forms; all documents any defendant provided to anyone regarding Plaintiff; all documents concerning official or unofficial complaint concerning any Defendant; all documents concerning any formal or informal disciplinary action taken against any Defendant; all documents concerning any insurance policy, homeowner policy or any other agreement of any kind that covers

7

the Defendants for lawsuits commenced for violations of any person's civil rights, intentional torts or negligent acts; reports of any and all experts who will testify at trial, along with a resume or curriculum vitae for each expert; all documents concerning any prior charges, arrests, and/or convictions of any of Defendants for any crime; all documents concerning any civil lawsuit in which any Defendant was a party; and all documents concerning Plaintiff." (Doc. 69 at 1-2.)

## II. Legal Standard

In addressing the matter of discovery in a federal civil action, Federal Rule of Civil Procedure 26(b) provides, in relevant part, as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> (2)(c) When Required. On Motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is

8

> more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996).

Although "the scope of relevance in discovery is far broader than that

allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa.1992)(citations omitted). Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

However, the burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party objecting must show that the requested materials do not fall "within the broad scope of relevance ... or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ...." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Furthermore, federal policy favors broad discovery in civil rights action, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." Inmates of Unit 14 v. Rebideau, 102 F.R.D. 122, 128 (N.D.N.Y. 1984). With the above principles in mind, Plaintiff's motion to compel will now be addressed.

## III. Discussion

In addressing Plaintiff's motion to compel, the court first finds that the vast majority of the document requests made to Defendants are wholly overbroad in scope, and seek much information that is not relevant to the issues remaining in this action. In reviewing his requests, the second of which is basically repetitive of the first, Plaintiff's requests are all-encompassing, not limited in time or to the specific issues remaining in this action. On that basis alone, Defendants objections are well-taken. However, Defendants have supplemented their response to Plaintiff's motion to compel, and have agreed to produce the documents referenced above. These documents relate to the issues remaining in this matter. With that said, the court will first assume that Defendants have, in fact, provided Plaintiff with those documents. Further, in an effort to streamline the discovery issues still in dispute in this matter, the court will construe the only challenged documents that Plaintiff still seeks to compel as those referenced in his reply to Defendants' supplement as set forth above.

The court first finds that to the extent Plaintiff requests copies of any grievances, grievance appeals, misconducts and inmate requests to staff <u>with respect to the issues remaining in this action</u>, that Defendant provide such copies to him. Defendants assumed that Plaintiff had copies of these documents, but he informs the court that he does not.

11

Plaintiff's request for "all documents any Defendant provided to anyone regarding Plaintiff" will be denied. This request is completely overbroad. Further, many relevant documents responsive to this request have either been provided by Defendants or will be provided pursuant to this Memorandum.

To the extent Plaintiff submits requests for the production of any complaints, formal or informal disciplinary documents, and any documents concerning any prior charges, arrests and/or convictions for any crimes with respect to each remaining Defendant, his request will be granted only as follows. First, the request is overbroad in that it seeks such information with respect to any complaints about any issue that may have been pursued against a Defendant and is not limited to the subject matter of the remaining issues in this action. However, it is probable that Plaintiff is most likely seeking information with respect to his Eighth Amendment claims against Defendants.

Unverified allegations of Defendants' assault or mistreatment of other inmates will likely not be admissible at trial, as they have little relevance to a claim that Defendants assaulted or failed to protect Plaintiff from assault by other Defendants. However, if any of the remaining Defendants were found criminally or civilly liable for violating an inmate's Eighth Amendment rights by either using, or condoning the use of, excessive force against an inmate, such information would be relevant. Therefore, Defendants will be directed to provide Plaintiff with copies of

any civil or criminal judgments against these Defendants for his review. If Defendants do not have copies of said judgments, they are to provide Plaintiff with the proper case name and citation for each instance. Likewise, if the DOC has reprimanded or disciplined any of the remaining Defendants for using excessive force against an inmate, that information too, would be relevant. Defendants are to provide the court, for its in camera inspection, unredacted copies of any internal DOC investigative reports which led to disciplinary action taken against any of the remaining Defendants for using excessive force against an inmate. Defendants will also specify, what disciplinary or corrective action was taken against each defendant. Armed with this information, the court will determine: (1) whether the information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what form, and under what conditions it may be released to Plaintiff. If no responsive documents exist, Defendants will advise Plaintiff and the court of the same.

Finally, Plaintiff seeks copies of all insurance policies, homeowner policies, etc. that may provide coverage to Defendants for legal claims brought against them. At this stage of the litigation, any such requests are irrelevant and premature. In addition, any request by Plaintiff for the names of experts and copies of their reports and resumes will be denied without prejudice. Defendants have already

responded that no such experts or documents exist at this time and that they understand their ongoing duty to supplement their responses.

Based on the foregoing, the motion to compel will be granted in part to the extent set forth above, and denied in all other respects. An appropriate order is attached.