UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG - 3 2015
PER _____ DEPUTY CLERK

RHONSHAWN JACKSON, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-1431
:
JEFFREY A. BEARD, et al., : (Judge Kosik)
:
    Defendants :

## MEMORANDUM

Plaintiff, Rhonshawn Jackson, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint (Doc. 19), wherein he names numerous DOC officials and employees at SCI-Camp Hill and SCI-Huntingdon, Pennsylvania. Pending on the docket are several motions that will be addressed herein.

**I.    Background**

On September 12, 2013, the court granted a motion to dismiss filed by Defendants Lane and Reis, and dismissed said defendants from this action. A motion to dismiss filed by the Corrections Defendants was granted in part and denied in part. (Doc. 55.) The following claims remain in this action:

-     6/26/10 claim of excessive force and placement in a dirty cell alleged in ¶¶ 52, 53 against Defendants Pyle and Clark;

- 9/29/10 claim of being doused with O.C. spray, beaten and denied medical attention following a yard protest alleged in ¶ 55;

- 11/2/10 claim of being denied food for four (4) straight days alleged in ¶ 58;

- Eighth Amendment failure-to-protect claim against Defendants Cates, Stevens, Lawler, Eckard, Spellman and Donaldson alleged in ¶ 43;

- Denial of due process claims with respect to the issuance of disciplinary reports, disciplinary hearings and appeals, and destruction of grievances alleged in ¶ 65; and

- Retaliation claim against Defendant Dunkle alleged in ¶63.

(Doc. 55 at 26-27.) An answer to the remaining claims was thereafter filed by Defendants. (Doc. 59.) Although a formal scheduling order was never issued, the parties engaged in discovery. On August 6, 2014, a motion to compel discovery filed by Plaintiff was granted in part and denied in part. (Docs. 70, 71.) The majority of objections raised by Defendants to Plaintiff's discovery requests were upheld on the basis that they were overbroad, irrelevant and/or repetitive. However, Defendants were directed to provide Plaintiff with copies of other documents requested, as more fully set forth in the court's Memorandum. In addition, to the extent the DOC had reprimanded or disciplined any of the remaining Defendants for use of excessive force against an inmate, they were directed to provide such information to the court for <u>in camera</u> review for a determination of relevancy and privilege.

On August 27, 2014, Defendants responded to the court's order and submitted

2

information with respect to one (1) named Defendant. This information was not released to Plaintiff, because it involved the discipline of a defendant who is not alleged to have engaged in excessive force against Plaintiff in this action.[1]

Since the issuance of the order addressing the motion to compel, Plaintiff has filed the following motions: a motion for appointment of counsel (Doc. 77); a motion to correspond with three (3) inmate witnesses; a motion for sanctions (Doc. 79); a motion for the issuance of a case management order setting a trial date (Doc. 81); and a motion for replacement copies of court records and discovery material (Doc. 83). These motions will now be addressed.

**II. Discussion**

    A.    Motion for Appointment of Counsel

Plaintiff moves for the appointment of counsel to represent him for purposes of representing him in his deposition. In support of his request, he claims that: (1) he is unable to afford a lawyer; (2) a deposition is a very complex proceeding; (3) he is afraid he will answer questions incorrectly that will be used against him; and (4) a trial is likely in this case and may involve testimony from his deposition. (Doc. 77.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997),

---

[1] In any event, in a later filing with the court, Plaintiff states that he already has knowledge of what was contained in the document provided to the court for in camera review.

district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

4

      5. The extent to which a case is likely to turn on credibility determinations; and

      6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In requesting court-appointed counsel, Plaintiff fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. First, Plaintiff's deposition has already been conducted, and as such, any request for counsel for said purpose is now moot. More importantly, regardless of whether counsel was desired exclusively for the deposition or for purposes of litigating the entire case, there are no circumstances warranting the appointment of counsel in this matter. The pleadings submitted by Plaintiff are clearly written and the legal issues presented are not complex. There is no indication that Plaintiff does not have access to the law library and legal materials. It is also clear from the docket that he is able to prepare and submit documents with the court. Moreover, Plaintiff has successfully presented motions, as well as defended motions filed by Defendants. He has also prepared and served discovery responses, and has advised the court in a later filing that his discovery is complete. There is no indication whatsoever that he is incapable of litigating this action on his own at this juncture.

Based on the foregoing, it cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of

this case without the assistance of counsel. This court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending request for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

B. Motion to Correspond with Witnesses

Plaintiff filed a motion requesting a court order to correspond with three identified inmates who he claims witnessed conduct relevant to his claims. (Doc. 78.) Due to the passage of time, and because Plaintiff has since advised the court that all of his discovery is complete, the court will assume that he either obtained the statements he desired from these inmates, or no longer wishes to pursue them. As such, the motion will be denied as moot.

C. Motion for Sanctions

Without unnecessary elaboration, Plaintiff's motion for sanctions will be denied as moot. In the motion, Plaintiff contends that Defendants failed to provide him with copies of documents in accordance with the court's Memorandum and Order dated August 6, 2014, that ruled on his motion to compel discovery. (Doc. 79.) However, in responding to Plaintiff's motion, Defendants state that all documents were sent to Plaintiff, and that Plaintiff had received them. In support thereof, they

attach a letter from Plaintiff apologizing to defense counsel for filing the motion for sanctions. (Doc. 80-2.) In the letter, he states that he received Defendants' mailing late because the prison had been on lock down status. As such, the motion for sanctions will be denied as moot.

### D. Motion for Replacement Copies of Court Records and Discovery Materials

Plaintiff has requested the court to provide him with replacement copies of court documents and discovery materials in this case. He filed the motion in May of 2015, and claims that during his recent move to administrative segregation, he lost possession of a majority of his documents in this case. (Doc. 83.) The motion will be granted to the following extent. While it may very well be that by now Plaintiff's documents have been located and returned to him, out of an abundance of caution, the Clerk of Court will be directed to provide the relevant documents in the record to Plaintiff in light of Defendants' recently filed summary judgment motion. The documents to be provided are a copy of the amended complaint (Doc. 19), Defendants' answers (Doc. 56, 59), and the decisions issued by the court on September 12, 2013 and August 6, 2014 (Docs. 55, 70, 71.) The court is unable to provide Plaintiff with copies of any discovery documents in that discovery materials are not filed with the court.[2]

---

[2] If Plaintiff has not located his missing documents, the court urges the parties to cooperate in an effort to provide Plaintiff with copies of the discovery documents needed.

E.  Motion for Case Management

Plaintiff has filed a motion informing the court that all parties have completed discovery and that he would like a trial date set. (Doc. 81.) He states that because all discovery is done, ". . . the only thing left is to start trial." (Id.) In response to the motion, Defendants state that they wish to file a motion for summary judgment in an effort to further narrow the issues and defendants for trial, if not dispose of the case. (Doc. 82.) On July 28, 2015, Defendants submitted a motion for summary judgment, along with their brief, statement of material facts and evidentiary materials in support thereof.[3] (Docs. 86-89.) As such, Plaintiff's motion to set a trial date will be denied without prejudice as premature. Plaintiff will be directed to file his opposition to the motion in accordance with M.D. Pa. Local Rule 56.1, including his opposing brief, statement of facts and any evidentiary materials.

An appropriate order follows.

---

[3] Although several months passed between the time Defendants expressed their desire to file a summary judgment motion and the actual filing of the motion, the motion is now pending on the docket. It clearly serves the interests of justice and judicial economy to attempt to resolve any potentially dispositive motion before scheduling a trial in this matter.