UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RHONSHAWN JACKSON,

          Plaintiff,

    v.

JEFFREY BEARD, *et al*.,

          Respondent.

Civil No. 3:11-CV-1431

(Judge Kosik)

## **MEMORANDUM**

On August 4, 2011, Plaintiff, Rhonshawn Jackson, an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Albion, filed a *pro se* 42 U.S.C. § 1983 action. (Doc. 1). On September 12, 2013, we issued a memorandum and order, dismissing Defendants Reis and Lane. (Doc. 55). Nineteen Defendants remained in this action: Beard, Smeal, Lawler, Eckard, Green, Wakefield, Stevens, Cates, Semple, Williams, Pyle, Spellman, Long, McClosky, McCoy, Donaldson, Clark, Shroyer, and Dunkle. On March 31, 2016, Magistrate Judge Martin C. Carlson issued a Report and Recommendation, recommending the Court grant, in part, and deny, in part, Defendants' Motion for Summary Judgment. (Doc. 102). On July 5, 2016, this Court adopted the Magistrate Judge's recommendation, and dismissed all Defendants and claims in this action with the exception of Defendants Cates, Spellman, Stevens, and Donaldson on Plaintiff's failure to protect claim. (Docs. 105 and 106, Memorandum and Order). Plaintiff then filed a motion to alter or amend (Doc. 108), the July 5, 2016 Order (Doc. 106) on July 15, 2016.

Plaintiff's motion claims that this Court failed to give Plaintiff's evidence a thorough review and that Defendants failed to challenge a certain number of Plaintiff's claims and therefore, such claims should be regarded as unopposed.

**DISCUSSION**

A motion to amend or alter is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking such relief must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion to amend or alter is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff, in the instant matter, simply attempts to reargue unsuccessful theories already disposed of by this Court. Plaintiff's instant motion does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to him, or prove that altering or amending the judgment is necessary to correct a clear error of law or prevent manifest injustice. Plaintiff's attempt to reargue unsuccessful

claims simply cannot provide the basis for a successful motion.  Accordingly, Plaintiff's motion will be denied.

## CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion to Alter or Amend Judgment (Doc. 108).  An appropriate order follows.