UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RHONSHAWN JACKSON,

        Plaintiff,

v.

JEFFREY BEARD, et al.,

        Defendants.

Civil Action No. 3:11-CV-1431

(Judge Kosik)

FILED
SCRANTON

OCT 2 4 2016

Per _____
DEPUTY CLERK

**ORDER**

AND NOW, THIS 24th DAY OF OCTOBER, 2016, IT APPEARING TO THE COURT THAT:

[1] Plaintiff filed this action pursuant to 42 U.S.C. § 1983, on August 4, 2011 (Doc. 1), and subsequently filed an Amended Complaint (Doc. 19), on June 15, 2012;

[2] The action was referred to Magistrate Judge Martin C. Carlson;

[3] On July 5, 2016, this Court entered a Memorandum and Order (Docs. 105 & 106), adopting the Magistrate Judge's March 31, 2016 Report and Recommendation (Doc. 102). This Court denied without prejudice, Defendants' motion for summary judgment (Doc. 86), as to Defendants Cates, Spellman, Stevens, and Donaldson, on only Plaintiff's failure to protect claim, to be remanded to the Magistrate Judge to conduct an evidentiary hearing on the issue of Defendants' Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), exhaustion claims;[1]

[4] On August 8, 2016, the Magistrate Judge held an evidentiary hearing by video

---

[1] Summary judgment was granted in favor of Defendants Beard, Smeal, Lawler, Eckard, Green, Wakefield, Semple, Williams, Pyle, Long, McClosky, McCoy, Clark, Shroyer, and Dunkle.

conference and allowed the parties to file post-hearing briefs;

[5] On October 4, 2016, the Magistrate Judge issued a Report and Recommendation (Doc. 128) recommending that Plaintiff's motions to further supplement the record (Docs. 113 & 120) be denied, and that Plaintiff's Amended Complaint be dismissed pursuant to the PLRA, for Plaintiff's failure to fully, timely and properly exhaust his administrative remedies prior to filing this action;

[6] Plaintiff has failed to timely object to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

[7] If no objections are filed to a Magistrate Judge's Report and Recommendation, the Plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

[8] We have considered the Magistrate Judge's Report, and we concur with his recommendations. We agree that Plaintiff's "Writ of Habeas Corpus ad testificandum of Incarcerated Witnesses" (Doc. 113) and "Motion for Plaintiff and His Witness to be Brought to Dauphin County Prison for the Next Proceeding" (Doc. 120) should be denied. We also agree that Plaintiff's Amended Complaint should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies of the remaining Eighth Amendment failure to protect claim, as required by the PLRA. The Magistrate Judge found that between November 28 and December 31, 2010, Plaintiff and other inmates housed in the same areas as Plaintiff, actively used the

grievance system. Furthermore, of the grievances submitted by Plaintiff within days of the alleged failure to protect, none address Plaintiff's current claim, nor were they fully and properly exhausted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] The Report and Recommendation of Magistrate Judge Martin C. Carlson, dated October 4, 2016 (Doc. 128) is **ADOPTED**;

[2] Plaintiff's "Writ of Habeas Corpus ad testificandum for Production of Incarcerated Witness" (Doc. 113) is **DENIED**;

[3] Plaintiff's "Motion for Plaintiff and His Witness to be Brought to Dauphin County Prison for the Next Proceeding" (Doc. 120) is **DENIED**;

[4] Plaintiff's Amended Complaint (Doc. 19) is **DISMISSED**; and

[5] The Clerk of Court is directed to **CLOSE** this case.

Edwin M. Kosik
United States District Judge