UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONSHAWN JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | Civil No. 3:11-CV-1431<br><br>(Judge Kosik) |

### **MEMORANDUM**

Before the Court is Plaintiff's motion for reconsideration (Doc. 130), of this Court's prior Order (Doc. 129) adopting the Magistrate Judge's Report and Recommendation and dismissing Plaintiff's Amended Complaint. Also before the Court is Plaintiff's motion for recusal (Doc. 131).

<u>MOTION FOR RECUSAL</u>

The Court first considers Plaintiff's recusal motion (Doc. 131), as resolution of it is a prerequisite to considering his motion for reconsideration. Plaintiff bases this recusal motion primarily on prior decisions made by Magistrate Judge Carlson that have been supported by this Court, and for the alleged premature dismissal of Plaintiff's Amended Complaint.

Section 455 of Title 28 of the United States Code sets forth the standard for the disqualification of a district judge. The pertinent parts of § 455 provides:

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> 　(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455. These provisions require an objective analysis of what a reasonable person would perceive as biased and prejudiced. See <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994). As the Supreme Court has stated:

> Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555. The Third Circuit Court of Appeals has also "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal, see, e.g., In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) . . . ." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Here, it is clear from the motion that Plaintiff is simply displeased with the District Court's rulings. Furthermore, the Order dismissing Plaintiff's Amended Complaint (Doc. 129) was signed the day Plaintiff's objections to the Report and Recommendation were due to the Court. The Order was filed the day after the objections were due. Plaintiff has not shown a clear and indisputable right for recusal in this case; therefore, his motion for recusal will be denied.

MOTION FOR RECONSIDERATION

The Court next considers Plaintiff's motion for reconsideration (Doc. 130). The Court notes that a motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA

Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff, in the instant matter, asserts that the Court made a clear error of law or fact and seeks the Court to rescind its previous Order dismissing the Amended Complaint, because the Court entered its Order before his objections were due.  Plaintiff also asserts that he put objections to the Report and Recommendation in the prison mailbox on October 21, 2016, to be mailed out no later than October 24, 2016.[1]  The Court has never received said objections.

Plaintiff correctly states that Local Rule 72.3 allows a party to object to a magistrate judge's findings, recommendations, or report within fourteen (14) days after being served with a copy thereof.  In conjunction with that rule, Rule 6(d) of the Federal Rules of Civil Procedure allows for an additional three (3) days for an inmate to respond.  Fed.R.Civ.P. 6(d).  The Report and Recommendation was filed on October 4, 2016 (Doc. 128).  In Plaintiff's Exhibit A (Doc. 132), it shows that Plaintiff received the Report and Recommendation on October 7, 2016.  Fourteen (14) days, plus the additional three (3) days from the day Plaintiff received the Report and Recommendation, would require Plaintiff to file his objections by October 24, 2016.  Plaintiff is mistaken that Sundays and holidays are excluded.  Rule 6(a)(1) of the Federal Rules of Civil Procedure states,

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

---

[1] Plaintiff actually states that he put his objections in the prison mailbox on November 21, 2016 to be mailed no later than November 24, 2016.  It is assumed by the Court that Plaintiff meant October, not November, as that would be a future date.

Fed.R.Civ.P. 6(a)(1).  The Court did not receive objections from the Plaintiff by October 24, 2016 and so issued an order stating such and adopting the Report and Recommendations, which was signed on October 24, 2016, and filed on October 25, 2016 (Doc. 129), the day after objections were due.

 Plaintiff argues that we should honor the objections that he placed in the prison mailbox on October 21, 2016, to be mailed out no later than October 24, 2016, but the Court has never received such objections.  Furthermore, Plaintiff has not provided the Court with a copy of these objections to date.  We find that the Court did not commit clear error of law or fact.  Accordingly, Plaintiff's motion for reconsideration will be denied.  An appropriate order will follow.