UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| RHONSHAWN JACKSON, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 3:11-CV-1431 |
| | : |
| JEFFREY BEARD, *et al*., | : (Judge Kosik) |
| | : |
| Defendants. | : |

## MEMORANDUM

Before the Court for disposition is the Plaintiff's motion to alter or amend judgment. (Doc. 135). For the following reasons, the motion will be denied.

### I. BACKGROUND

On August 4, 2011, Plaintiff, Rhonshawn Jackson, an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Albion, filed a *pro se* 42 U.S.C. § 1983 action. (Doc. 1). On September 12, 2013, we issued a memorandum and order, dismissing Defendants Reis and Lane. (Doc. 55). Nineteen Defendants remained in this action: Beard, Smeal, Lawler, Eckard, Green, Wakefield, Stevens, Cates, Semple, Williams, Pyle, Spellman, Long, McClosky, McCoy, Donaldson, Clark, Shroyer, and Dunkle. On March 31, 2016, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R"), recommending the Court grant, in part, and deny, in part, Defendants' Motion for Summary Judgment. (Doc. 102). On July 5, 2016, this Court adopted the Magistrate Judge's recommendation, and dismissed all Defendants and claims in this action with the exception of Defendants Cates, Spellman, Stevens, and Donaldson on Plaintiff's failure to protect claim. (Docs. 105 and 106, Memorandum and Order). Plaintiff then filed a motion to alter or amend (Doc. 108), the July 5, 2016 Order (Doc. 106) on July 15, 2016. We denied Plaintiff's motion by memorandum

and order dated September 8, 2016 (Docs. 125 and 126).

On October 4, 2016, the Magistrate Judge issued another R&R, recommending that the remaining Defendants be granted summary judgment on Plaintiff's sole remaining failure to protect claim, due to Plaintiff's failure to exhaust available administrative remedies.  (Doc. 128).  The Court did not receive objections from Plaintiff by October 24, 2016, and so issued an order stating such and adopting the R&R, which was signed on October 24, 2016 and filed on October 25, 2016, the day after objections were due (Doc. 129).

Plaintiff filed a motion for reconsideration (Doc. 130), of this Court's Order (Doc. 129), adopting the Magistrate Judge's R&R, as well as a motion for recusal (Doc. 131).  By memorandum and order dated December 8, 2015, this Court denied Plaintiff's reconsideration and recusal motions (Docs. 133 and 134).  Then on December 28, 2016, Plaintiff filed a motion to amend or alter judgment (Doc. 135) and brief in support (Doc. 136).  Defendants have filed a brief in opposition.  (Doc. 138).  This matter is now ripe for disposition.

## II. DISCUSSION

**Motion to Alter or Amend Judgment**

The scope of a motion under Rule 59(e) "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has

2

"patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff fails to satisfy the above exacting standards. Plaintiff's motion involves two arguments: issues involving the timeliness of his purported objections to the Magistrate Judge's R&R and the Magistrate Judge's authority to issue an R&R. We address Plaintiff's objection argument first. This argument advanced by Plaintiff is the same argument from his previous motion for reconsideration: that the Court made a clear error of law or fact because it allegedly entered its order before his objections were due. As set forth in this Court's December 28, 2016 memorandum and order (Docs. 133 and 134), the Court did not receive objections from Plaintiff by October 24, 2016. Indeed, the Court did not receive Plaintiff's purported objections to the Magistrate Judge's R&R on November 7th or 10th, 2016, when Plaintiff filed his motions for reconsideration and recusal, either. Not until December 28, 2016, did the Court receive what purports to be Plaintiff's objections, attached as "Exhibit C" to his instant brief in support (Doc. 136).

We find that the Court did not commit clear error of law or fact. The Court did not receive Plaintiff's purported objections from the Plaintiff by October 24, 2016, and Defendants also represent that they never received Plaintiff's purported objections. (Doc.

3

138).  The record is clear, no objections were received or docketed by the Clerk's Office, either.

      Plaintiff, in the instant matter, simply attempts to reargue unsuccessful theories already disposed of by this Court.  Plaintiff's instant motion does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to him, or prove that altering or amending the judgment is necessary to correct a clear error of law or prevent manifest injustice.  Plaintiff's attempt to reargue unsuccessful issues simply cannot provide the basis for a successful motion.  Accordingly, because the Court did not timely receive Plaintiff's objections, Plaintiff's motion to amend or alter judgment on this issue will be denied.

      Finally, Plaintiff's argument that the Magistrate Judge did not have the authority to decide the merit issues in his case are without merit.  To the contrary, 28 U.S.C.A. § 636, jurisdiction, powers, and temporary assignment, and Local Rule 72.1, provides the referring authority to magistrate judges to hear and determine matters.  For example, dispositive motions, such as a motion for summary judgment and a motion for injunctive relief, are referable to magistrate judges and subject to *de novo* review by the district court to those portions of the magistrate judge's findings to which a party objects.  28 U.S.C.A. § 636(b)(1); Sherman v. Wellbrock, 761 F. Supp. 1135 (D.N.J. 1991).  Rule 72(b) of the Federal Rules of Civil Procedure provides that a magistrate judge makes a recommendation as to dispositive motions, and the district judge, upon a *de novo* review, makes the final decision.  Nondispositive motions are reviewable under the "clearly erroneous and contrary to law" standard and are not subject to *de novo* review.  Id.

      Accordingly, this Court's referral of this matter to the Magistrate Judge, and the Magistrate Judge's issuance of a Report and Recommendation, is squarely in accordance with the civil rules of procedure.  Therefore, Plaintiff's motion to amend or alter judgment will be denied.  An appropriate order follows.